† JENNIE S. PAIGE ET AL. V. WILLIAM CHERRY.

1. DEED OF AUTHORITY TO USE CANAL LANDS FOR STREET PURPOSES—EASE-MENT.

In 1868 the state of Ohio granted to the city of Toledo authority to use certain canal lands for street purposes, the title to the land remaining in the state until 1871. *Held*, that the deed of 1868 simply vested an easement in the city and all other rights in the land remained in the state until the deed of 1871.

2. OWNER OF EASEMENT MAY MAINTAIN EJECTMENT AGAINST PARTIES WRONG-FULLY ON LAND.

That the city, however, might have maintained an action of ejectment for the purpose of evicting those who were wrongfully upon the land, although the state still retained the fee and could maintain an action to adjudicate the title until 1871.

3. DEED OF LAND FOR HIGHWAY, FOLLOWED BY ABSOLUTE DEED, MERGES EASEMENT WITHOUT OBLIGATIONS TO PUBLIC.

By the absolute deed of 1871 the easement which the city acquired in 1868 was merged in the full title and the city took the land without any obligation imposed upon it so far as the public was concerned.

4. CONSTRUCTION OF DEED OF CANAL LANDS.

Under a deed conveying " whatever interest remains to the state in the bed of the canal is hereby relinquished and transfered to the city of Toledo " conveys the whole canal and not merely so much as lies between highwater mark, between the banks of the canal.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

In this case a petition in error is filed for the purpose of reversing the judgment of the court of common please in a case wherein William Cherry was plaintiff and Jennie S. Paige and others were defendants.

The action below was an action in ejectment. The premises in controversy are situated in the city of Toledo, within the limits of the lands formerly occupied by the state of Ohio for the Miami and Erie Canal.

The case was tried to the court, by consent of the parties, and without the intervention of a jury. A finding of facts was made and conclusions of law stated, and upon that finding of facts and the conclusions of law a judgment was rendered for the plaintiff in the court below.

The main controversy that has been argued and submitted to us is, as to the statute of limitations—whether the case made by the plaintiff is barred by the statute of limitations.

The finding of facts, in brief, states : That the lands were a part of the original tract No. 1, etc., and that the lands described in the plaintiff's petition embrace the lands of what is known as the Manhattan branch of the Miami & Erie canal, the same as formerly occupied by the city of Toledo. That in 1836 the board of public works, under and by virtue of certain statutes then in force appropriated this land for the use of that canal, and that afterwards, to-wit, February 20, 1868, the state of

† The judgment in this case was affirmed by the Supreme Court, without report, 52 O. S., 644.

Paige et al. v. Cherry.

Ohio granted to the city of Toledo authority and permission to enter upon, improve and occupy as a public highway and for the use of water pipes and sewerage pipes forever, all that part of the Miami & Erie canal known as the Manhattan branch.

They further find that up to June 29, 1869, the state still continued to use the canal for the purpose of carrying water through it, and also for the purpose, to some extent, of allowing boats to pass up and down the line of the canal.

Afterwards, on the second of March, 1871, the state, by a quit-claim deed of said date, executed in due form, granted, quit-claimed and conveyed to the city of Toledo the said land involved in this action, said deed being in terms and executed in conformity to the act of the general assembly passed on January 31, 1871. That afterwards, on January 23, 1888, the city of Toledo, by a deed of said date, made in pursuance of the authority of the common council of said city of Toledo, conveyed a portion of these lands to the plaintiff, being the lands in controversy, that is to say to William Cherry. That in the year 1857, Joseph Paige, an ancestor of the defendants, erected on a portion of this property a double dwelling house, and also inclosed by a fence a portion of the land, and a certain other portion he used in connection with the land as a right of way. And the court finds as a matter of fact that from that date forward said Joseph Paige and those claiming under him have been in open, notorious, continued, adverse and exclusive possession of a certain portion of the lands in question—eleven and a half feet of the premises involved in this action. And the court, from these facts found as a conclusion of law, that the statute of limitations did not commence to run until the title vested in the city by virtue of the act of 1871, and that therefore this action is not barred by the statute of limitations, and therefore found favor of the defendant below.

It will be seen that under the act and deed of 1868, more than twenty-one years have elapsed since the date of that deed up to the time of the commencement of this suit—for this suit was commenced on September 15, 1889; that from the date of the deed of the city of Toledo, under the act of 1871, the twenty-one years have not elapsed, and the contention here, on the part of the plaintiff in error, is: that the city of Toledo had the right to commence the action, under the deed made to it by the state in 1868—had the right to commence the action in 1868, and that inasmuch as it failed to commence the action during the time it held the title, and that the plaintiff failed to commence it within the twenty-one years, therefore the action is barred.

The contention on the part of the defendant in error is, that he has a right to claim under the deed of 1871, and that he would not be barred until some time after the commencement of this action.

The acts under which the parties claim are: the acts of March 26, 1864, session 1864, page 57, and the act of January 31, 1871, session 1871, O. L., 17.

It is admitted by both parties that the statute of limitations would not commence to run against the state of Ohio so long as it possessed the legal title and the right of possession. And it is claimed, first, by the plaintiff in error that the act of March 26, 1864 and the grant from the state of Ohio to the city of Toledo in February, 1868, in pursuance thereof, was in effect a complete dedication of the land in question for street purposes and forever vested whatever title the state then held in the city.

We are not able to agree with counsel in the conclusion that he has stated in this proposition. We suppose the law to be that, under the statute of 1864, and the deed made in pursuance of it in 1868, the city was simply vested with what may be termed an easement—the right to use the canal for the purposes of a highway and for the purpose of conducting water and gas-pipes through the city, and that all other rights in respect to the land remained in the state of Ohio as the owner thereof. The law upon that subject is stated by the Supreme Court very fully in Platt v. Penn. Co., 43 Ohio St., 244, and is in line with the law as stated by the courts of other states, as appears by the cases cited on behalf of the defendant in error.

It is claimed also by the plaintiff in error, that the city of Toledo, upon receipt of the deed from the state, had the right to commence an action for the purpose of ejecting these parties, that the right of action in its behalf accrued at that time.

This is denied on the part of the defendant in error. The defendant in error claims, first: that the state remained in possession of the property for some time, using it, as has already been stated, in the finding of facts, for the purpose of conveying water to certain mills at the end of the canal, and also for the purpose of permitting parties to pass over it with boats, which was done, to some extent, for the ordinary purposes of navigation. The defendant in error further claims that no action in ejectment will lie for recovery simply upon an easement. The proposition being that the city could not have maintained an action in ejectment prior to the grant of 1871, because it had only an easement.

We are unable to agree with counsel for defendant in error upon this point. The case of Incorporated Village of Fulton v. Mehrenfeld, 8 O. S., 440, we think settles, so far as the state of Ohio is concerned, the law of the case upon that point; and in that case it was practically held that where a village had received by dedication at common law, certain property for street purposes, that the village had a right to maintain an action in ejectment for the purpose of evicting those who were wrongfully upon the land. So that we agree with the plaintiffs—that the city had the right to commence an action in 1868 upon the receipt of that deed. But while the city had the right to commence that action, it could only commence it for the right of possession for the purposes of a street. There still remained in the state of Ohio an ownership in the land, the title of the land, for all purposes except for the purpose for which it had granted an easement to the city of Toledo, and we have no doubt that the state of Ohio had the right, after the conveyance of 1868, to commence an action of ejectment for the purpose of adjudicating the title to the land, or ascertaining its title to the land, as against the parties defendant who were in possession of this portion of the land, and that conclusion is sustained by a large line of authorities. That right continued in the state of Ohio down to the date of the deed which was made under the act of 1871, and that right was tranferred by virtue of the deed of 1871, to the city of Toledo; from that time forth, the city of Toledo stood in the shoes of the state of Ohio and was possessed of its rights in regard to the legal title to the land, and would have the same right to commence a suit to evict these defendants and to settle the queation of title to the land that the state before would have had; and the particular trouble in the matter in regard to that point—or the question that has engaged our attention, is, whether or not, if recovered at that time, it would be recovered subject to the right of the city, or of the public—if you please

to have this portion of the canal used for the purposes of a street, and whether if the statute of limitations had run as against the city in regard to the possession of the property, that right which was obtained by virtue of the statute having run for a period of twenty-one years, would inure to the benefit of these defendants, and whether under that they could commence suit against the city and bar the city as to possession although they might have a finding in favor of their title; and we are satisfied, upon final and full examination of the case, that, so far as the use of that property is concerned, for street purposes, that that easement which the city had acquired by the first deed was merged in the full title which it had acquired by virtue of the second deed, and that when it acquired the second deed it had a full and complete title in fee of the premises, without any obligation imposed upon it so far as the public was concerned, and so far as these parties were concerned, to continue to use that canal for the purposes of a street or highway.

We think these questions are settled by Malone v. Toledo, which has been to the Supreme Court twice, and was decided first in 28 O. S., 643, and again in 34 O. S., 541. The Malone case involved the right to some property adjoining this property, and this property is situated or abuts upon a part of lot 308 which is in the Port Lawrence division of the city of Toledo. Malone owned lot 309, and by virtue of his ownership of that lot, claimed to own the canal, and, as may be remembered by many persons, he built upon it a carpenter shop and had possession of it under advice of counsel and then brought an action in the court of common pleas, to quiet his title. A demurrer being interposed and answer being filed, the case went to the Supreme Court and the court passed upon it and it came back to the court of common pleas, and there Judge Pugsley was made a party, he having purchased from the city the property in question. The case went back to the Supreme Court, and the question that was in controversy was: Whether Mr. Malone, on account of his title to lot 307, extended into this canal, the same as if he were a riparian owner of property or whether the city had the full and complete title and had the right to convey that full and complete title to Judge Pugsley; and the decision of the court was that the city, by virtue of the acts of 1868 and 1871, had a full and complete title to the land, and the appeal of Malone was dismissed. So that they in fact decided that the city owned the property by a full and clear title and had a right to make a conveyance of it to any person or party who chose to purchase from it. Following that decision, the plaintiff, William Cherry. has made a purchase of that property and has received from the city a deed of it. But that settles, we think, this: that there was no obligation on the part of the city of Toledo to use this canal for a public highway; that they had a right to sell it for any purpose and for all purposes; that their title was a full and complete title, and that whatever rights—practically—they had received by the deed of 1868 were merged in the more complete title which they received by the deed of 1871.

If we are correct in that conclusion, it follows, we think, without any question, that when they bring an action of ejectment under the act of 1871, they bring it for a full and complete title and without any bar that might have accrued to these parties prior to the commencement of this suit by virtue of the right to commence a suit against the defendant under the deed of 1868 making a title which would prevail

against the title made by virtue of the act of 1871, and that when a judgment is rendered under the act of 1871, conferring title as held by virtue of the act of 1871, that it is a full title and will prevail as against the rights of these defendants.

We think, therefore, that the court did not err in holding that the statute of limitations would not avail as against the title of the plaintiffs in this case on the finding of facts.

The plaintiff also raises another question, and that is: In regard to the quantity of land that was taken by the city under the last conveyance. That last statute, authorizing the state to convey, says "whatever interest remains to the state in the bed of the canal, is hereby relinquished and transferred to the city of Toledo." Now, under the first act—briefly, without stating the language *verbatim*—the state conveyed so much of the Miami and Erie canal as is known as the Manhattan branch, being that portion of land lying between the Swan creek and the outlet or mouth of the canal where it joins the Maumee river. There is no question but what that is a full and complete grant to use all of the land held by the state for canal purposes in the canal limits, for the purposes of a highway; and the act of 1871 reciting the practical abandonment of the canal, undertakes to convey to the city of Toledo whatever remains in the state, in the bed of the canal, to the city; and by the term *bed*, it is claimed that they only received so much as lies between highwater mark occupied by the water of the canal between the banks of the canal. This property, it may be remarked, is situated practically on the old berm bank of the canal. But, that question we think is concluded by the decision of the Supreme Court in the case to which I have referred, because the question is made there by the pleadings—whether it was argued or not, I do not know. But the law in that case, bounds the law in this case, and the property in that case abutted and bounded upon the property in this case and has the same situation, and the decision of the court in that case is, that the city takes the whole title to the whole canal, from Swan creek to the river, and makes no suggestion of any limitation. And it would seem also, from a fair construction of the two statutes together, that it must be so; that when the statute speaks of the bed of the canal it speaks of that part of the lands of the state which were occupied for canal purposes—for upholding and maintaining the canal—the banks as well as the bottom of the canal; that the term as used denominating the bed of the canal, means the lands used for the support and maintenance of the canal, the towpath, berm bank and waters of the canal.

The case is an interesting one and has occupied our attention for a considerable time; but after a full and careful survey of the authorities cited in the case and the situation of the parties under the decision of the Supreme Court, we are satisfied that the court below did not err in the holding which it made upon the case, and the judgment of the court of common pleas will therefore be affirmed.